## Roberts (Nee Reynolds) v. Brotherhood of Locomotive Firemen and Enginemen.

### (Decided December 2, 1913).

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

Insurance, Fraternal—Beneficial Associations— Benefit Certificate— Non-Payment of Assessment.—Under a certificate providing that the member shall keep himself in good standing in the Order, and pay his dues and assessments, no recovery may be had where the member was dropped from the Order for the non-payment of a special assessment and did not thereafter seek a re-instatement, or tender his monthly dues.

EARL & EARL for appellant.

J. J. KAVANAUGH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

John M. Reynolds was a member of the Brotherhood of Locomotive Firemen and Enginemen, and held a benefit certificate in the order for $1,500, which was payable to his wife, Mary E. Reynolds, now Roberts, who brought this suit against the order to recover upon it. One of the conditions of the certificate is as follows:

"That the member shall keep himself in good standing in the said Brotherhood, pay his dues and assess-

ments and perform all of the other duties of membership which may be required by the Constitution of the said Brotherhood."

One of the provisions of the Constitution was this:

"There shall be levied by the General Secretary and Treasurer upon all beneficiary members, a monthly assessment in the following amount: $1.65 for a beneficiary certificate of $1,500.00."

In addition to the regular monthly dues of $1.65, special assessments were made from time to time by the lodge, under this provision of the Constitution:

"Each subordinate lodge shall have authority to levy special assessments and enforce payment thereof."

The Constitution also contains this provision:

"Any member failing or declining to make payment of his dues as herein provided shall stand expelled and no action of the Lodge shall be required to be taken to give effect to said expulsion, and said expulsion shall take effect on the second day of the quarter. On the second day of the quarter, the collector shall deliver to the secretary, in writing, the names of all members expelled under the provision of this section and the secretary shall forthwith make a report thereof to the Grand Secretary and Treasurer, and at the first meeting thereafter he shall make a similar report to the lodge and record the same in the minutes of the meetings."

The dues of a member were to be paid during the month. John M. Reynolds failed to pay his monthly dues of $1.65 during the month of April, and he also failed to pay a special assessment which had been levied by the local lodge of $4.00. On the second of May he was dropped. There is evidence for the plaintiff that he tendered to the officer the regular dues of $1.65 before the first of May, and that the officer declined to take it unless he would pay the special assessment. There was also evidence for the plaintiff that he then offered to pay the $1.65 to another officer of the lodge and this officer declined to take it because he had no authority to receive payment from members. According to the evidence for the defendant he did not tender any money to the officer of the lodge who was authorized to collect dues until May 8; but according to all the evidence he neither tendered nor paid the dues for May or June. He was killed on July 17th, and at the time of his death was not a member of the lodge in good standing. There

was a provision in the by-laws by which a member who had been dropped could be reinstated upon application, but he had made no such application. The proceedings by which he was dropped were regularly taken in accordance with the laws of the order. On these facts the circuit court peremptorily instructed the jury to find for the defendant. The plaintiff appeals.

Conceding that he duly tendered the $1.65, which seems to be admitted in the pleadings, we find no evidence that he at any time tendered the special assessment of $4.00, and if he desired to preserve his rights as a member of the Order, it was incumbent upon him to tender his dues for May and June as they fell due. This admittedly he did not do. He knew he had been dropped, and having taken no steps to have himself reinstated, and having failed after this to tender his dues, must be deemed to have acquiesced in the action of the lodge in dropping him. He was therefore not a member of the lodge in good standing when he was killed, and the circuit court properly instructed the jury to find for the defendant.

Judgment affirmed.